# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY FAHRNI, et al., | Case No. 1:23-cv-01265-KES-SAB |
| Plaintiffs, | ORDER MODIFYING SCHEDULING ORDER |
| v. | (ECF No. 51) |
| COUNTY OF TULARE, et al., | |
| Defendants. | |

Plaintiffs initiated this action on August 23, 2023. (ECF No. 1.) On December 5, 2023, the Court issued a scheduling order. (ECF No. 25.) Because no district judge was assigned to the action, the Court did not set dates for the pretrial conference or trial. On July 11, 2024, the parties filed a stipulated motion to modify the December 5, 2023 scheduling order. (ECF No. 44.) On July 12, 2024, the Court granted the parties' stipulated motion and set the following deadlines: non-expert discovery deadline on February 10, 2025; expert disclosure deadline on March 31, 2025; supplemental expert disclosure deadline on May 12, 2025; expert discovery deadline on August 22, 2025; dispositive motion deadline on September 11, 2025; pretrial conference on January 5, 2026; and trial on March 3, 2026. (ECF No. 45.)

Upon receiving notice of Defendant Wellpath, LLC's filing of bankruptcy, the Court entered an order on November 18, 2025 staying the proceedings in this matter against Defendant Wellpath, LLC pursuant to 11 U.S.C. § 362. (ECF No. 47.)

On February 5, 2025, the parties filed a stipulation to modify the scheduling order to vacate all existing deadlines against all Defendants until the Wellpath bankruptcy proceeding has concluded, which the Court construes as a motion to stay the entire action. (ECF No. 54.)

1

On February 12, 2025, an informal status conference was held in this matter regarding the stipulation. (ECF No. 57.) As discussed at the informal conference, the Court is not inclined at this time to stay the entire action. The Court instead finds good cause to continue the non-expert discovery deadline from February 10, 2025 to June 13, 2025 and vacate all remaining dates in the scheduling order, as modified. Any further extensions to the nonexpert discovery deadline must be requested prior to the expiration of the June 13, 2025 deadline and be supported by good cause. If the parties would like to schedule a further informal status conference, the parties shall contact the Courtroom Deputy and the Court will accommodate its calendar in short order.

Accordingly, IT IS HEREBY ORDERED that:

1. The parties' stipulated motion to modify the scheduling order (ECF No. 54) is GRANTED IN PART;
2. The nonexpert discovery deadline is CONTINUED to **June 13, 2025**;
3. All remaining dates in the scheduling order are VACATED; and
4. Should the parties require further order from this Court related to the February 18, 2025 hearing in the bankruptcy action, the parties SHALL notify the Court within **ten (10)** days.

IT IS SO ORDERED.

Dated: **February 12, 2025**

STANLEY A. BOONE
United States Magistrate Judge

2